| | |
|---|---|
| WILLIAM McGRANE [057761]<br>McGRANE LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, California 94111<br>Telephone: (415) 292-4807<br>william.mcgrane@mcgranellp.com<br><br>Attorneys for Plaintiff shierkatz RLLP, a California registered limited liability partnership | |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| shierkatz RLLP, a California registered limited liability partnership,<br><br>                Plaintiff,<br><br>vs.<br><br>SQUARE, INC., a Delaware corporation,<br><br>                Defendant. | Case No.  15-02202<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR UNRUH LAW CIVIL RIGHTS VIOLATIONS; UCL LAW INJUNCTION** |

Comes now plaintiff shierkatz RLLP (Bankruptcy Law Firm) on behalf of itself and all others similarly situated and alleges as follows:

**The Parties**

1. Bankruptcy Law Firm is a California registered limited liability partnership which has its principle place of business in San Francisco, California.

2. Defendant Square, Inc. (Credit Card Company) is a Delaware corporation registered with the California Secretary of State as a foreign corporation qualified to do business in the State of California and which has its principle place of business in San Francisco, California.

**Jurisdiction and Venue**

3. Jurisdiction is present here based on 28 U.S. Code §§ 1332(d)(2), 1367(a).

4. Venue is present here based on 28 U.S. Code § 1391(d).

**Charging Allegations**

5. Credit Card Company is a business establishment (as that term is otherwise defined in California Civil Code section 51(b)) within the jurisdiction of the State of California, which business establishment is engaged in providing accommodations, advantages, facilities, privileges and/or services (Accommodations) to other persons and entities within the jurisdiction of the State of California (Persons) by way of its, *inter alia*, enabling the acceptance of electronic payments by such Persons. See https://squareup.com/ (Square Website) for a fuller description of the nature of Credit Card Company's business establishment.

6. On July 14, 2013, at the solicitation of Credit Card Company, Bankruptcy Law Firm, which is a Person, opened a Credit Card Company account.

7. On April 16, 2015 Credit Card Company sent Bankruptcy Law Firm an email which wrongfully terminated Bankruptcy Law Firm's Credit Card Company account for the stated reason that "your business is prohibited by Section 6[a] of [Square's] Seller Agreement, which means we cannot accept payments related to your business. Unfortunately, our decision to deactivate your account is final. Due to the

obligations of our agreements with card networks and other financial institutions, we cannot reverse this decision and are unable to provide additional details." (Final Deactivation Notice [Exhibit 1 hereto].)

8. As of April 16, 2015, the referenced Section 6[a] of Square's Seller Agreement read, in pertinent part, as follows:

> By creating a Square Account, you … confirm that you will not accept payments in connection with the following businesses or business activities: (1) any illegal activity or goods, (2) buyers or membership clubs, including dues associated with such clubs, (3) credit counseling or credit repair agencies, (4) credit protection or identity theft protection services, (5) direct marketing or subscription offers or services, (6) infomercial sales, (7) internet/mail order/telephone order pharmacies or pharmacy referral services (where fulfillment of medication is performed with an internet or telephone consultation, absent a physical visit with a physician including re-importation of pharmaceuticals from foreign countries), (8) unauthorized multi-level marketing businesses, (9) inbound or outbound telemarketers, (10) prepaid phone cards or phone services, (11) rebate based businesses, (12) up-sell merchants, (13) bill payment services, (14) betting, including lottery tickets, casino gaming chips, off-track betting, and wagers at races, (15) manual or automated cash disbursements, (16) prepaid cards, checks, or other financial merchandise or services, (17) sales of money-orders or foreign currency, (18) wire transfer money orders, (19) high-risk products and services, including telemarketing sales, (20) automated fuel dispensers, (21) adult entertainment oriented products or services (in any medium, including internet, telephone, or printed material), (22) sales of (i) firearms, firearm parts or hardware, and ammunition; or (ii) weapons and other devices designed to cause physical injury (23) internet/mail order/telephone order cigarette, tobacco or vaporizer sales, (24) drug paraphernalia, (25) occult materials, (26) hate or harmful products, (27) escort services, or (28) bankruptcy attorneys or collection agencies engaged in the collection of debt.

9. With the sole exception of Section 6(a)(1) of Square's Seller Agreement (prohibiting acceptance of payments in connection with business or business activities involving illegal activity or illegal goods), each and every other category of business/business activities whose business /business activities Credit Card Company deems a "business [that] is prohibited" are either so vaguely described as to be

unintelligible or else constitute an entirely lawful business/business activity under any and all applicable federal and state laws. This specifically includes but is not limited to the business/business activity of Bankruptcy Law Firm, which entity's business establishment (as is more fully described at http://shierkatz.com [SK Website]) requires licensure by the State Bar, admission to the Federal Bar of the Ninth Circuit as well as the Federal Bar of the Northern District of California and other federal districts and which business establishment is otherwise specifically protected from discrimination of the sort being practiced against Bankruptcy Law Firm here by, *inter alia*, 11 U.S.C. § 525, as well as by the Unruh Civil Rights Act (Civil Code §§ 51 and 52 [Unruh Law]).

10. Disputes have always been defined by Square's Seller Agreement throughout the Class Period (as the term Class Period is defined, *infra*) as follows:

***"'Dispute' means any claim, controversy, or dispute (whether involving contract, tort, equitable, statutory, or any other legal theory) between you and Square including but not limited to any claims relating in any way to this [Square Seller's] Agreement (including its breach, termination, or interpretation), any other aspects of our relationship, Square advertising, and any use of Square software or services. 'Dispute' also includes any claims that arose before this Agreement and [even those] that may arise after termination of this Agreement."*** (***Emphasis*** added.)

11. Despite the infinite scope and duration of the term "Dispute" as quoted above, merely by clicking "Continue" on the Square Website as same also existed all during the Class Period (as the term Class Period is defined, *infra*), neither Bankruptcy Law Firm nor the Class members (as the term Class members is defined, *infra*), agreed to Square's Seller Agreement. At least not to the extent same purports to require them to resolve Disputes of infinite scope and duration with Credit Card Company by way of individual binding arbitrations following receipt of a Final Deactivation Notice (or to the extent Square's Seller Agreement otherwise purports to waive any relevant aspect of

3
Complaint for Unruh Law Civil Rights Violations; UCL Law Injunction

1  anyone's civil rights under the Unruh Law or the UCL Law, as that latter term is defined,
2  *infra*).

3     12.   The allegations of ¶11, *supra*, are true because all during the Class Period
4  (as the term Class Period is defined, *infra*), the Square Website itself expressly (albeit, in
5  hindsight, inconsistently with the terms of Square Seller's Agreement) affirmatively
6  represented and warranted that opening a Credit Card Company Account would not
7  involve Class members (as the term Class members is defined, *infra*) in making any
8  commitments to Credit Card Company and/or involve then in entering into any long-term
9  contracts with Credit Card Company (Easy Out Rep and Warranty) and said Easy Out
10 Rep and Warranty must and should now be held to equitably estop Credit Card Company
11 from properly seeking to enforce any inconsistent requirement that Class members (as the
12 term Class members is defined, *infra*) must resolve Disputes—including the claims
13 alleged herein—with Credit Card Company by way of individual binding arbitrations.

14    13.   The Final Deactivation Notice not only terminated Bankruptcy Law
15 Firm's Credit Card Account in violation of the Unruh Law, it also separately advised
16 Bankruptcy Law Firm that, on a final and non-negotiable basis, Credit Card Company
17 intended to **_continue_** discriminating against Bankruptcy Law Firm following its
18 termination of Bankruptcy Law Firm's Credit Card Account by way of its refusing to
19 ever again allow Bankruptcy Law Firm to open another Credit Card Account due to
20 Bankruptcy Law Firm's status as a "business [that] is prohibited by Section 6[a] of
21 [Square's] Seller Agreement."

22    14.   This stated refusal to Accommodate Bankruptcy Law Firm in the future
23 based on an illegally discriminatory reason is itself a violation of the Unruh Law separate
24 and apart from the illegal initial termination of Bankruptcy Law Firm's Credit Card
25 Account in the first instance.

## Class Allegations

15. Bankruptcy Law Firm brings this action on behalf of itself and all others similarly situated.

16. The class represented by Bankruptcy Law Firm (Class) is comprised of all Persons to whom Credit Card Company has ever sent a Final Deactivation Notice despite the fact such a Person was not accepting payments in connection with any business/business activities involving illegal activity or illegal goods (Class members).

17. The Class period extends back to cover only those Final Deactivation Notice[s] sent by Credit Card Company to Class members within three years last past prior to the filing of the complaint herein (Class Period).

18. On information and belief Bankruptcy Law Firm alleges that there are tens of thousands of Class members. The identities of Class members can be readily ascertained from the business records of the Credit Card Company.

19. On information and belief, Bankruptcy Law Firm estimates that Credit Card Company has incurred not less than $100,000,000 dollars in minimum statutory liability to Class members during Class Period by sending out Final Deactivation Notice[s] in violation of both the Unruh Law and California Business and Professions Code sections 17200 et. seq. (UCL Law).

20. Questions of law and fact common to the Class predominate over questions affecting only individual members, including, *inter alia*:

   ➢ Whether, as a threshold matter and based on principles of equitable estoppel, Class members are entitled to avoid some or all of the provisions of Square's Seller Agreement and thereby avoid being forced into individual binding arbitration of their Unruh Law and UCL Law claims against Credit Card Company.

   ➢ Whether Class members are entitled to recover not less than their Unruh Law minimum statutory damages of $4,000 each on account of their receipt of Final Deactivation Notice[s].

1     ➢    Whether Class members are entitled to a UCL Law injunction against Credit Card Company.

21. The claims of Bankruptcy Law Firm are typical of the claims of the Class members as described above.

22. Treating this dispute as a class action is a superior method of adjudication since the joinder of all possible absent Class members would be impractical.

23. Additionally, the amount of each restitutionary payment would be modest on an individual basis, although significant in the aggregate. It would be impractical for most of Class members to address the Credit Card Company's wrongdoings individually. There should be no significant difficulties in managing this case as a class action.

24. Bankruptcy Law Firm can and will fairly and adequately represent and protect the interests of Class members. Bankruptcy Law Firm has retained competent and experienced outside counsel, who will vigorously represent the interests of the Class.

**First Claim for Relief (Damages [Violation of Unruh Law])**

25. Bankruptcy Law Firm realleges ¶¶ 1–24.

26. Credit Card Company's sending Bankruptcy Law Firm the Final Deactivation Notice was a violation of Unruh Law entitling Bankruptcy Law Firm to not less than $4,000 in statutory damages under Unruh Law and the Class to its own statutory damages under Unruh Law.

Wherefore, Bankruptcy Law Firm prays judgment as hereafter set forth.

**Second Claim for Relief (Injunction [Violation of UCL Law])**

27. Bankruptcy Law Firm realleges ¶¶ 1–26.

28. Credit Card Company's conduct in sending out the Final Deactivation Notice[s] in violation of Unruh Law constitutes unfair competition under UCL Law in that such conduct disjunctively constitutes each of the following: (i) unlawful business acts; (ii) unfair business acts; and (iii) fraudulent business acts.

29. Individual persons and entities, including but not limited to Bankruptcy Law Firm and Class members, have suffered irreparable injury in fact and will continue

to suffer injury in fact unless an injunction is issued to prevent Credit Card Company from sending out further Final Deactivation Notice[s] in violation of Unruh Law.

30. Unless Credit Card Company is enjoined, it will continue to send out Final Deactivation Notice[s] in violation of Unruh Law.

WHEREFORE, Bankruptcy Law Firm and Class pray judgment as follows:

1. That Class described herein be certified; that Bankruptcy Law Firm be designated lead plaintiff and that Bankruptcy Law Firm's counsel be appointed Class counsel;

2. That the Bankruptcy Law Firm and Class be awarded statutory damages in an amount to be proven at trial pursuant to the Unruh Law.

3. That the Court enjoin Credit Card Company under UCL Law from any further violations of UCL Law by way of Credit Card Company's sending out future Final Deactivation Notice[s] in violation of Unruh Law.

4. For an award of attorney fees and costs, including but limited to statutory attorney fees and costs;

5. For such other and further relief as the Court may deem just and proper.

Dated: May 15, 2015                    McGRANE LLP

By: _____
       William McGrane
Attorneys for Plaintiff shierkatz RLLP, a California registered limited liability partnership

Complaint for Unruh Law Civil Rights Violations; UCL Law Injunction

**DEMAND FOR JURY TRIAL**

Bankruptcy Law Firm and the Class hereby demand a trial by jury.

Dated: May 15, 2015            McGRANE LLP

By: _____
William McGrane
Attorneys for Plaintiff shierkatz RLLP, a California registered limited liability partnership