1
2
3
4                         UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    SHIERKATZ RLLP,                          Case No.  15-cv-02202-JST
                      Plaintiff,
8                                             **ORDER TO SHOW CAUSE**
9          v.
10   SQUARE, INC.,
                      Defendant.
11
12         The complaint in this case alleges federal jurisdiction on the basis of 28 U.S.C.

13   § 1332(d)(2).  ECF No. 21 at ¶ 3.  That statute requires that at least one member of the putative

14   plaintiff class be "a citizen of a State different from any defendant."  Id.

15         Plaintiffs' complaint alleges that "Defendant Square, Inc. (Credit Card Company) is a

16   Delaware corporation registered with the California Secretary of State as a foreign corporation

17   qualified to do business in the State of California and which has its principle place of business in

18   San Francisco, California," id. at ¶ 2, but does not allege that at least one member of the putative

19   class is a citizen of a state other than California or Delaware.[1]

20
     _____
21   [1]

22            To identify a corporation's citizenship for purposes of diversity
              jurisdiction, "a corporation shall be deemed to be a citizen of any
23            State by which it has been incorporated and of the State where it has
              its principal place of business . . . ."  28 U.S.C. § 1332(c)(1) (1994).
24            For this reason, "a corporation is typically a citizen of two states for
              determining the existence of diversity jurisdiction: the state of
25            incorporation and the state in which it has its principal place of
              business."  Breitman v. May Co. California, 37 F.3d 562, 564 (9th
26            Cir.1994).

27   Montrose Chem. Corp. of California v. Am. Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir.
     1997); Weaver v. Nestle USA, Inc., No. C 08-03636 JSW, 2008 WL 5453734, at *1-2 (N.D. Cal.
28   Oct. 30, 2008).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "It is a principle of first importance that the federal courts are tribunals of limited subject

2    matter jurisdiction."  13 Charles Alan Wright, Arthur Miller, Edward Cooper & Richard Freer,

3    Federal Practice & Procedure § 3522.  "The requirement that jurisdiction be established as a

4    threshold matter 'spring[s] from the nature and limits of the judicial power of the United States'

5    and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,

6    94-95, (1998) (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)).

7    Accordingly, in a diversity action, the plaintiff must state the parties' citizenships such that the

8    existence of diversity can be confirmed.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th

9    Cir. 2001).

10   Plaintiff's complaint does not satisfy this requirement.  Within ten days of the filing date of

11   this order, Plaintiff Shierkatz RLLP is ordered to show cause why the Court should not dismiss

12   this action for lack of subject matter jurisdiction.  Defendant Square, Inc. shall file any reply

13   within seven days of the filing of Plaintiff's response to this Order.[2]

14   The hearing on Defendant's Motion to Dismiss First Amended Complaint or in the

15   Alternative to Stay and to Compel Arbitration, presently scheduled on October 1, 2015, is vacated.

16   The hearing on that motion will be rescheduled if the Court determines that it has subject matter

17   jurisdiction and that a hearing on the motion is required.  Civ. L.R. 7-1(b).

18   IT IS SO ORDERED.

19   Dated: September 16, 2015

20

21   _____

22   JON S. TIGAR
     United States District Judge

23

24

25

26   _____
     [2] The Court notes that defendant Square has agreed in its prior filings that the Court has subject

27   matter jurisdiction.  ECF No. 27 at 4.  The stipulation of the parties, however, is insufficient to
     create subject matter jurisdiction.  3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co.- Connecticut,

28   933 F.2d 1016 (9th Cir. 1991).

2