WILLIAM McGRANE [057761]
McGRANE LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 292-4807
william.mcgrane@mcgranellp.com

FRANK UBHAUS [046085]
BERLINER COHEN
10 Almaden Boulevard, 11th Floor
San Jose, CA 95113
Telephone: (408) 286-5800
Frank.ubhaus@berliner.com

Attorneys for plaintiff shierkatz RLLP, a California registered limited liability partnership, and all persons similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| shierkatz RLLP, a California registered limited liability partnership, and all persons similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>SQUARE, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 3:15-cv-02202 JST<br><br>**RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>** |

Dkt 46 at 1:15–19 questions whether the FAC[1] has sufficiently alleged the fact of the minimal diversity necessary to properly invoke CAFA jurisdiction in this case, taking the position the FAC is inadequate in that regard.

Dkt 46 is wrong about the adequacy of what is pled by way of the minimal diversity necessary to properly invoke CAFA jurisdiction in this case. All that Fed. R. Civ. P. 8 ever required the FAC do was give the District Court "a short and plain statement of the grounds for the court's jurisdiction." Despite the District Court's initially contrary conclusion, the FAC did just what Rule 8 contemplated it had to do to properly allege CAFA jurisdiction when it alleged, at Dkt 22 at 1:11, 1:14–18, and 9:25–10:2, as follows:

> Jurisdiction is present here based on 28 U.S.C. §§ 1332(d)(2) . . . Credit Card Company is a business establishment (as that term is otherwise defined in California Civil Code section 51(b)) within the jurisdiction of the State of California, which business establishment is engaged in providing accommodations, advantages, facilities, privileges and/or services (Accommodations) to other persons and entities within the jurisdiction of the State of California (Persons) . . . The class represented by Bankruptcy Law Firm (Class) is comprised of all Persons to whom Credit Card Company has ever sent a Final Deactivation Notice constituting Post-Termination Unruh Law Violations despite the fact such a Person was not accepting payments in connection with any business/business activity involving illegal activity or illegal goods (Class members).

Reason is the definition of Persons/Class members as defined by the FAC as set forth above is in no wise limited to only California citizens. Rather, and as a matter of law, such Persons/Class members include citizens of all states (or even no states, i.e., foreign countries) as well as citizens of California. See, e.g., Martin v. International Olympic Committee, 740 F.2d 670 (9th Cir. 1984) (Ninth Circuit implicitly recognized that women from around the globe had standing under the Unruh Law to sue the L.A. Olympic Committee, among others).

---

[1] This memorandum incorporates the abbreviations used in Plaintiff's Memorandum of Points and Authorities in Opposition to Square, Inc.'s Motion to Dismiss First Amended Complaint or in the Alternative to Stay and to Compel Arbitration (Dkt 36).

Thus, while the initial version of the Unruh Law limited the scope of its coverage to those persons who were also "citizens" of California (see Burks v. Poppy Construction Co., 57 Cal. 2d 463, 469 (1962)), by the time the Unruh Law first came to be passed into law by the California Legislature, that initial, very limited scope of Unruh Law coverage had been junked and the word "persons" entirely substituted for the word "citizens," which latter word was no longer any part of the Unruh Law.  In this regard it is worth noting that it is a commonplace of both state and federal class action jurisprudence that a comprehensive state law such as the Unruh Law may be given extraterritorial effect to create a national class action where the wrongdoing (UCL violations, Blue Sky securities law violations) emanates from a state in which the defendant has its principle place of business.  See, e.g., Ehret v. Uber Techs., Inc., 68 F.Supp.3d 1121, 1131 (N.D. Cal. 2014) (UCL) ("state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California"), Diamond Multimedia Systems, Inc. v. Superior Court, 19 Cal.4th 1036 (1999) (Blue Sky).

Of course, absent discovery, Bankruptcy Law Firm did not and could not know for certain the national scope of the Class when it first filed a class action case against Credit Card Company in the state court.  But Credit Card Company next implicitly confirmed to Bankruptcy Law Firm that the Class included more than just California and Delaware citizens, as well as that the financial scope was more than $5 million, when Credit Card Company stated to Bankruptcy Law Firm that Credit Card Company had good and sufficient grounds to itself invoke CAFA and fully intended to do just that.

Which, in turn, led Bankruptcy Law Firm to seek an order from the state court allowing a dismissal of the state case without prejudice so it could get a fresh start in federal court with a pleading that met the heightened pleading standards of the federal courts.  See Exhibit 1 to Request for Judicial Notice consisting of the Declaration of William McGrane etc. filed therewith.

Thus, Credit Card Company has previously and implicitly represented to Bankruptcy Law Firm that citizens of states other than California and Delaware are Class

members by way of Credit Card Company's advice to Bankruptcy Law Firm that Credit Card Company itself had good and sufficient grounds to remove the now dismissed state court action.

As a result, and to the extent the District Court may still feel a more specific pleading is necessary and/or appropriate to confirm the fact of its subject matter jurisdiction, Bankruptcy Law Firm hereby makes an offer of proof subject to Fed. R. Civ. Pro., Rule 11 (Rule 11 Offer of Proof).  That Rule 11 Offer of Proof is that Bankruptcy Law Firm is in a position to (and would, if given the opportunity by the District Court) redefine the words Persons/Class members as same are presently defined in the FAC so as to make same more specific as follows:  "Credit Card Company is a business establishment . . . engaged in providing accommodations, advantages, facilities, privileges and/or services (Accommodations) to other persons and entities, ***specifically including but not limited to citizens of states within the United States other than the states of California and Delaware***, within the jurisdiction of the State of California (Persons) . . . The class represented by Bankruptcy Law Firm (Class) is comprised of all Persons to whom Credit Card Company has ever sent a Final Deactivation Notice constituting Post-Termination Unruh Law Violations despite the fact such a Person was not accepting payments in connection with any business/business activity involving illegal activity or illegal goods (Class members), ***which Class members include at least some Persons who are citizens of states within the United States but who are not, in fact, also citizens of either California or Delaware***" and that such amendment, once made, would represent a true, complete and accurate statement of facts.

This offer of proof, unless ultimately found false or otherwise inaccurate by the District Court, should prevent any need or basis for a dismissal of this case for lack of subject matter of jurisdiction. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Berman v. Doe, 599 Fed. Appx. 316, 316 (9th Cir. 2015) ("the district court abused its discretion by dismissing without giving [plaintiff] an opportunity to amend" "to show complete

diversity between the parties"); Wigley v. Aircraft Serv. Int'l Group, 2009 U.S. Dist. LEXIS 119525, *9 (C. D. Cal. 2009) (*citing* Snell v Cleveland, Inc., 316 F.3d 822, 824 (9th Cir. 2002) to wit: "a district court abuses its discretion when it dismisses an action solely because a plaintiff incorrectly pled diversity of residence, when it is undisputed that actual diversity of citizenship exists.")

Dated: September 18, 2015

McGRANE LLP
BERLINER COHEN

By: /s/ *William McGrane*
      William McGrane

Attorneys for plaintiff shierkatz RLLP, a California registered limited liability partnership, and all persons similarly situated