1  DAVID H. KRAMER, State Bar No. 168452
   JACOB VELTMAN, State Bar No. 247597
2  SARA E. ROWE, State Bar No. 295353
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100
   Email: dkramer@wsgr.com
6  Email: jveltman@wsgr.com
   Email: srowe@wsgr.com
7
   COLLEEN BAL, State Bar No. 167637
8  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
9  One Market Plaza
   Spear Tower, Suite 3300
10 San Francisco, CA 94105-1126
   Telephone: (415) 947-2000
11 Facsimile: (415) 947-2099
   Email: cbal@wsgr.com
12
   *Attorneys for Defendant Square, Inc.*

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                        SAN FRANCISCO DIVISION

17 | shierkatz RLLP, a California registered limited ) | Case No. 3:15-cv-02202-JST
   | liability partnership,                         ) |
18 |                                                ) | **SQUARE, INC.'S REPLY TO**
   |                   Plaintiff,                   ) | **PLAINTIFF'S RESPONSE TO**
19 |                                                ) | **ORDER TO SHOW CAUSE**
   |            v.                                  ) |
20 |                                                ) | Before: Hon. Jon S. Tigar
   | SQUARE, INC., a Delaware corporation,          ) |
21 |                                                ) |
   |                   Defendant.                   ) |
22 |                                                ) |
   |                                                ) |
23 |                                                ) |
   |                                                ) |
24 |_____) |

25

26

27

28

1    In its September 16, 2015 Order to Show Cause ("OSC"), this Court questioned whether it has subject matter jurisdiction in light of the Bankruptcy Law Firm's failure to plead that "at least one member of the putative plaintiff class [is] a 'citizen of a State different from any defendant.'" OSC at 1 (citing 28 U.S.C. § 1332 (d)(2)).

In its response to the OSC, the Bankruptcy Law Firm argues that this Court has subject matter jurisdiction to decide the case because it has pleaded (or could plead, if it is permitted to amend yet again) a putative plaintiff class that includes persons outside California, and argues that the Unruh Act covers out-of-state residents. OSC Response at 1-3. But the Unruh Act limits its applicability to "persons within the jurisdiction of this state," suggesting a conscious limitation on the reach of the statute to California residents.[1] But this Court does not need to address that issue now.

Even with that limitation, there remains the possibility that at least one member of the putative class is diverse from Square.[2] Under the Bankruptcy Law Firm's theory that there is a class consisting of every entity or individual that received a notice of termination from Square invoking Section 6 of the Seller Agreement, it is likely that some member of that class, once resident in California, now resides outside California or Delaware. That would satisfy CAFA's diversity requirement and support subject matter jurisdiction. *See, e.g.*, *Lew v. Moss*, 797 F.2d

---

[1] The Bankruptcy Law Firm cites no case, and Square knows of none, establishing that the Unruh Act protects and can be enforced by out-of-state residents. Plaintiff's cases are inapposite. Even though the plaintiff class in *Martin v. International Olympic Committee*, 740 F.2d 670 (9th Cir. 1984) included persons residing outside California, the propriety of their inclusion was never discussed, let alone adjudicated. *Id.* at 675-77. *Martin* therefore does not answer the relevant question or bind the Court. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1363 (9th Cir. 1998). The Bankruptcy Law Firm relies on *Ehret v. Uber Technologies, Inc.*, 68 F. Supp. 3d 1121 (N.D. Cal. 2014) and *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036 (Cal. 1999) for the proposition that state laws can be given extraterritorial effect "where the wrongdoing…emanates from a state in which the defendant has its principle [sic] place of business." OSC Response at 2. But neither of these cases addresses the Unruh Act specifically. *Ehret* addresses UCL, CLRA, and breach of contract claims, and *Diamond* addresses Corporate Blue Sky statutes. *See Ehret*, 68 F. Supp. 3d at 1131-32; *Diamond*, 19 Cal. 4th at 1044 (interpreting Cal. Corp. Code §§25400 and 25500).

[2] It is apparent just from the individualized nature of the Bankruptcy Law Firm's attempts to avoid its arbitration agreement, as well as from the Seller Agreement's class waiver and more, that this case could not proceed as a class action. Square accepts as true the strained allegation of a putative class solely for this inquiry.

1  747, 750 (9th Cir. 1986) ("The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed.").[3]

The reach of the Unruh Act aside, Square notes that it too has questioned the Court's subject matter jurisdiction (and indeed the pending motion to dismiss or stay the action is brought under Rule 12(b)(1)) because a court lacks subject matter jurisdiction to decide a dispute where the parties have agreed to arbitrate that dispute.[4]  But even when an agreement to arbitrate deprives a court of subject matter jurisdiction, *it still has the power to order a dispute to arbitration*.[5]  Accordingly, whatever the doubts about this Court's jurisdiction to make a full determination on the merits, it can and should still send this case to arbitration.

This matter has already been in state court, with a first and then an amended complaint, before the Bankruptcy Law Firm voluntarily dismissed and refiled in this Court.  Here, Square has filed two motions to dismiss against two additional complaints, dealing with a plaintiff that admits it is changing its story to try to evade the parties' arbitration agreement.  These are not the "streamlined proceedings and expeditious results" that should result from the parties' clear

---

[3] The Bankruptcy Law Firm claims that Square "implicitly represented" to it that citizens of states other than California and Delaware are members of the class "by way of [Square's] advice to Bankruptcy Law Firm that [Square] itself had good and sufficient grounds to remove the now dismissed state court action."  OSC Response at 2-3.  Square did not represent anything to the Bankruptcy Law Firm about the composition of the hypothetical class, implicitly or explicitly.  Square merely advised that it would seek removal of the Bankruptcy Law Firm's then-operative state court complaint.  That complaint was different from the current complaint in a number of important respects, including that it contained a different class definition and an additional claim under California Business & Professions Code §17200.

[4] *See, e.g.*, *Swanson Restoration & Design, Inc. v. Paul Davis Restoration, Inc.*, No. 07-cv-1018, 2007 U.S. Dist. LEXIS 96520, at *15-16 (C.D. Cal. Nov. 26, 2007) ("When a court determines that the entirety of a dispute is subject to arbitration, the court lacks subject matter jurisdiction and dismissal of the complaint is proper."); *Numrich v. Qwest Corp.*, No. 14-cv-1864, 2015 U.S. Dist. LEXIS 53763, at *22 (D. Or. Apr. 23, 2015) (dismissing complaint due to lack of subject-matter jurisdiction in light of valid arbitration agreement encompassing dispute).

[5] *See, e.g., Glaude v. Macy's Inc.*, 2012 U.S. Dist. LEXIS 171418, at *14 (N.D. Cal. Dec. 3, 2012) ("Because the court has determined that all of [plaintiff's] claims fall within the [] arbitration clause, the court must dismiss those claims.  Arbitration is the proper recourse for his complaint."); *Swanson Restoration*, 2007 U.S. Dist. LEXIS 96520, at *19-20 (evaluating motion to compel arbitration, ordering arbitration and then dismissing complaint for lack of subject matter jurisdiction); *Filimex, L.L.C., v. Novao Invs., L.L.C.*, 2006 U.S. Dist LEXIS 56039, at *23 (D. Ariz. July 17, 2006) (granting motion to dismiss for lack of subject matter jurisdiction and ordering claims to arbitration, but staying dismissal pending ruling on outcome of attachment motion).

agreement to arbitrate.  *Preston v. Ferrer*, 552 U.S. 346, 357-58 (2008).  Rather than sending the parties back to square one, this Court should order them to arbitration based on the operative allegations.

DATED:  September 25, 2015           Respectfully submitted,

                                                      WILSON SONSINI GOODRICH & ROSATI
                                                      Professional Corporation

                                                      By:  */s/ Colleen Bal*
                                                                Colleen Bal
                                                     *Attorneys for Defendant*
                                                     Square, Inc.