UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIERKATZ RLLP,<br><br>    Plaintiff,<br><br>v.<br><br>SQUARE, INC.,<br><br>    Defendant. | Case No. 15-cv-02202-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>Re: ECF No. 91 |

Before the Court is Plaintiff shierkatz RLLP's ("SK's") motion for clarification of the Court's December 17, 2015 order compelling arbitration and staying the case. ECF No. 91. The Court will deny the motion.

**I.    BACKGROUND**

The operative complaint states a single claim for violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51, and seeks statutory damages under California Civil Code Section 52(a). ECF No. 54 at 12. On December 17, 2015, the Court granted Defendant Square, Inc.'s motion to compel arbitration and "stay[ed] further proceedings in this case." ECF No. 65 at 19. The Court ordered the parties to file joint status reports every ninety days, and a report "[w]ithin fourteen days of the completion of the arbitration proceedings . . . advising the Court of the outcome of the arbitration, and a request that the case be dismissed or that the case be reopened and a case management conference be scheduled." Id.

The arbitration proceedings are ongoing. According to the parties' most recent joint status report, "the arbitrator set a hearing to decide shierkatz's remaining individual claim for $4000 in statutory damages for February 15, 2018." ECF No. 94 at 2.

SK now intends to seek a public injunction under California Civil Code section 52(c), a

request over which the arbitrator concluded he had no authority. ECF No. 91-2 at 91-92. The arbitrator noted that his ruling did not "preclude[] SK from seeking a public injunction in court immediately," and that "[w]hether or not such a public injunction claim should be stayed while SK's $4,000 claim is being prosecuted in this forum, is not a matter for this tribunal to decide, but rather for the court in which a public injunction claim is asserted by SK." Id. at 92.

SK asks this Court to clarify that its order staying this case "does not affect SK's ability to file a new action in state court seeking a public injunction against defendant Square, Inc.'s (Square) continuing discrimination against bankruptcy lawyers. In the alternative, SK requests the Court modify the Order to the same effect." ECF No. 91-1 at 2.

## II. DISCUSSION

SK first argues that, following Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), the Court lacks jurisdiction over this case because SK lacks Article III standing. ECF No. 91-1 at 4-7. This argument is not persuasive. Spokeo clarified that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 136 S. Ct. at 1549. However, SK has alleged more than a "bare procedural violation" here. It alleges that it opened a Square account in July 2013, and that Square wrongfully terminated that account nearly two years later, thus preventing SK from further using Square's services. ECF No. 55 ¶¶ 6-7. This concrete harm is sufficient to confer standing.[1]

Turning to the merits of SK's motion, Square correctly observes – without rebuttal from SK – that a claim for injunctive relief is not a separate cause of action. ECF No. 92 at 6-7 (Square's opposition brief); ECF No. 93 (reply brief, including no argument on this issue); see also, e.g., Allen v. City of Sacramento, 234 Cal. App. 4th 41, 65 (2015) ("Injunctive relief is a remedy, not a cause of action. A cause of action must exist before a court may grant a request for injunctive relief." (citations omitted)). Square also argues, without rebuttal, that "whatever relief

---

[1] The pending appeal in White v. Square, Inc., Case No. 16-17137 (9th Cir.), may shed additional light on the question of SK's standing. However, White is factually distinguishable in at least one respect: The plaintiff there never opened a Square account and instead alleged only that he was dissuaded from doing so. White v. Square, Inc., Case No. 15-cv-04539-JST, ECF No. 54 at 5-6 (N.D. Cal. Sept. 14, 2016).

2

SK seeks, it has only one Unruh Act action against Square, and that action is already before this Court and stayed pending resolution of the arbitration." ECF No. 92 at 7; see ECF No. 93. SK presents no authority for the proposition that a request for a Section 52(c) injunction is a separate cause of action.

This case includes only a single claim under the Unruh Act, which in turn includes any injunctive relief SK might seek under Section 52(c). Filing a separate action seeking such relief would therefore violate the Court's stay of "proceedings in this case." ECF No. 65 at 19. The Court also denies SK's alternative request for a modification of its stay order to permit such an action to be filed.

SK does not contest Square's assertion that "SK's request for an injunction would come before the Court only if the arbitrator were to find in SK's favor." ECF No. 92 at 5 n.3; see ECF No. 93. In addition, as SK correctly observes, the operative complaint does not include a request for a Section 52(c) injunction. ECF No. 93 at 2 n.2. Accordingly, SK must seek leave to amend its complaint – after the stay has been lifted – if it wants to request a Section 52(c) injunction following conclusion of the arbitration.

## CONCLUSION

Plaintiff's motion for clarification is denied.

**IT IS SO ORDERED.**

Dated: December 27, 2017

JON S. TIGAR
United States District Judge